IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-04399-SKC

ELDER MARQUEZ ALVAREZ,

Petitioner,

v.

TODD BLANCHE, United States Attorney General,
JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Field Office Director, Denver Field Office, Immigration and Customs Enforcement, and
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. 1. The Court ordered Respondents to respond to the Petition and show cause why it should not be granted. Dkt. 4. On September 28, 2026, Respondents filed a Response. Dkt. 8. For the reasons shared below, the Court GRANTS Petitioner's Application.

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1 at 2. He is a native and citizen of Mexico. *Id.* at 8. He alleges that he entered the United States in November 2023 "with a Tourist Visa" and has lived in Colorado Springs and worked in construction until his detention. Dkt. 1 at 6. On August 19, 2025, Petitioner was arrested by ICE and placed in immigration detention. *Id.* at 7.

Petitioner's Application for Asylum and Withholding of Removal was denied on April 27, 2026. Petitioner has appealed the decision, and the appeal remains pending. *Id.* at 9. As best the Court can tell, in this action, Petitioner asserts that his "detention without a custody redetermination hearing violates the 5th Amendment due process clause" and that he is detained under 8 U.S.C. § 1226(a). *Id.* at 9-16. As relief, he requests release from custody and an order enjoining Respondents from re-detaining Petitioner without conducting a bond hearing where the government bears the burden of proof that continued detention is justified. *Id.* at 22-23.

Respondents do not address the merits of Petitioner's claim. *See* Dkt. 8 at 1-2 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026), Respondents state "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.*

Because Respondents do not contest Petitioner's claim that he is detained under 8 U.S.C. § 1226(a), the Petition will be granted. The Court agrees with Respondents that, because Petitioner properly can be subject to detention under §

1226(a), the appropriate relief is an order directing the Government to either provide a bond hearing within seven days or release Petitioner. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (directing the district court to "order the Government to, within seven days of such order, either provide [Santillan Quiroz] with a bond hearing or else release him").

For these reasons, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1) is **GRANTED** and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner a bond hearing within seven days from the date of this order. At the bond hearing, the Government shall bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *Guevara Garcia v. Bondi*, No. 26-cv-01012-SKC, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026). If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and
2. Respondents **SHALL FILE** a status report within **THREE DAYS** after Petitioner's bond hearing or release concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in

this matter are required.

DATED October 1, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge